United States District Court
Southern District of Texas
ENTERED

FEB 2 1 2008

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JAVIER ALEJANDRO GARZA | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-07-052 |
| THE UNITED STATES MARSHALS SERVICE, THE CAMERON COUNTY SHERIFF'S DEPARTMENT, COSME MARTINEZ, MICHAEL DAVID SAAVEDRA, SGT. JOSE ALEJANDRO GARCIA, JOHN ROY HARRIS, JOSE YBARRA and LETICIA ANDRADE, *Individually and in their Official Capacities,* | § § § § § § § § § § § | |
| Defendants. | § | |

## OPINION & ORDER

BE IT REMEMBERED that on February 21, 2008, the Court considered Defendant Jose Ybarra's Pro Se Answer and Rule 12(b)(6) Plea. Dkt. No. 9.

I.  **Background**

On May 8, 2005, Javier Alejandro Garza ("Plaintiff") was assaulted by various individuals while he was in the custody of the United States Marshals Service at the Carrizales Rucker Detention Center in Olmito, Texas, which is operated and administered by the Cameron County Sheriff's Department. Dkt. No. 2, at 3; Dkt. No. 10, at 2. Plaintiff alleges, and Cameron County admits in part, that Plaintiff's assailants were detention officers of the county's sheriff's department. Dkt. No. 2, at 3–4; Dkt. No. 10, at 2 ¶8. As a result of the assault, Plaintiff filed suit against the United States Marshals Service, the Cameron County Sheriff's Department, and various officers in their individual and official capacities, for constitutional violations pursuant to 42 U.S.C. §§ 1981, 1983, 1985(3), and state law intentional torts. Dkt. No. 2, at 5–7. In the

instant motion, Defendant Jose Ybarra ("Ybarra") asserts Plaintiff has failed to state viable causes of action against Ybarra, Plaintiff cannot recover under either the Texas Constitution or the Texas Tort Claims Act, and Ybarra is entitled to official and/or qualified immunity. Dkt. No. 9, at 2. Ybarra requests that the Court dismiss Plaintiff's case against him, pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id.*

## II.  Standard

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is "viewed with disfavor and is rarely granted."  Kennedy v. Tangipahoa Parish Library Bd. of Control, 224 F.3d 359, 365 (5th Cir. 2000); Lowrey v. Texas A & M University System, 117 F.3d 242, 247(5th Cir. 1997) (quoting Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982)).  Fifth Circuit law dictates that a district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *See* Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996).  *See also* Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).  A complaint will not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  *See also* Baton Rouge Bldg. & Constr. Trades Council AFL-CIO v. Jacobs Constructors, Inc., 804 F.2d 879, 881 (5th Cir. 1986).  The Fifth Circuit has held, however, that dismissal is appropriate "if the complaint lacks an allegation regarding a required element necessary to obtain relief."  Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995) (citation omitted).

## III.  Analysis
### A.  *Failure to State a Claim Upon Which Relief May Be Granted*

In the present case, Plaintiff has pled violations of constitutional rights for (1) excessive force, (2) failure of detention officers to protect Plaintiff from assault by other detention officers, and (3) conspiracy to violate Plaintiff's civil rights by "beating him, filing false police reports, and failing to provide proper medical care." Dkt. No. 2, at 5. Plaintiff asserts these claims pursuant to 42 U.S.C. § 1983. Plaintiff also asserts claims

under 42 U.S.C. § 1981 for impairment of his equal rights, under 42 U.S.C. § 1985(3) for conspiracy to violate Plaintiff's civil rights, and state law claims of assault, battery, false imprisonment. *Id.* at 5.

Plaintiff has set forth a detailed set of facts describing the conduct he believes entitles him to relief. *Id.* at 3–5. Specifically, Plaintiff alleges that the assault occurred while he was being held at the Carrizales Rucker Detention Center when Cameron County Sheriff's Detention Officers, including Defendant Ybarra, entered his cell, ordered him to face the wall, handcuffed him, slammed him against the wall as he was taken out of his cell, threw him to the ground, struck him in his face with their knees, struck him behind his ear, slammed his head into the floor, kicked him in his hip, groin, and back areas, slammed him against a concrete bench, and struck him in his face with fists, as well as a flashlight. *Id.* at 3–4. Plaintiff also maintains that additional officers were present during the assault, but did not attempt to stop the beating or to obtain medical care for him. *Id.* at 4. Plaintiff further alleges that officers tried to hide evidence of the use of excessive force, denied Plaintiff medical attention, and conspired to destroy videotape evidence of the assault. *Id.* at 4–5. Plaintiff states that he suffered severe physical and mental injuries as a result of the assault. *Id.* at 7–8.

Defendant Ybarra's Rule 12(b)(6) plea contests Plaintiff's ability to state a valid cause of action against him. Ybarra maintains that Plaintiff has not stated a viable cause of action against him, individually, for deprivation of statutory or constitutional rights, and Ybarra asserts that he is entitled to official and/or qualified immunity. Dkt. No. 9, at 2. Ybarra does not provide any factual or legal support for his assertions.

### 1. 42 U.S.C. § 1983

Title 42, Section 1983 of the United States Code provides a private right of action for redressing violations of federal law committed by persons acting under the color of state law. *Casanova v. City of Brookshire*, 199 F. Supp. 2d 639, 648 (S.D. Tex. 2000); *Holland v. City of Houston*, 41 F. Supp. 2d 678, 688 (S.D. Tex. 1999). To prevail on a claim under § 1983, a plaintiff must show that a defendant amenable to suit under the statute deprived plaintiff of a constitutional right. *Casanova*, 199 F. Supp. 2d at 649; *Brown v. Hill*, No. 05-71240, 2006 WL 2844147, at *4 (E.D. Mich. Sept. 29, 2006).

Furthermore, the alleged constitutional deprivation must be shown to have been the result of deliberate indifference, and not merely the result of negligent conduct. Casanova, 199 F. Supp. 2d at 649 ("The negligent deprivation of life, liberty, or property is not a constitutional violation.") (citing Campbell v. City of San Antonio, 43 F.3d 973, 977 (5th Cir. 1995)). A plaintiff must support his allegations with specific facts establishing the constitutional violation and may not merely rely on conclusory statements. Casanova, 199 F. Supp. 2d at 649.

a. *Excessive Force*

Plaintiff does not specify whether he was a pretrial detainee or a convicted prisoner at the time the assault occurred. However, the analytical framework for a claim of excessive force is the same for pretrial detainees and convicted prisoners. U.S. v. Daniels, 281 F.3d 168, 179 (5th Cir. 2002) (citing Valencia v. Wiggins, 981 F.2d 1440, 1446–47 (5th Cir. 1993)); Ogbolu v. U.S. Immigration and Customs Enforcement, Civ. Action No. H-06-0115, 2006 WL 3152694, at *6 (S.D. Tex. Nov. 1, 2006). In order for a pretrial detainee to sufficiently state a claim of excessive force, he must allege that the force applied to him was not done "in a good faith effort to maintain or restore discipline," but was instead applied "maliciously and sadistically to cause harm." Eason v. Klevenhagen, 18 F.3d 936, (5th Cir. 1994) (unpublished) (citing *Valencia*, 981 F.2d at 1446–47); Severin v. Hunter, Civ. Action No. 06-2780, 2007 WL 1592976, at *13 (E.D. La. May 20, 2007). *See also* Almond v. Tarver, 468 F.Supp.2d 886, 899 (E.D. Tex. 2006); Gonzales v. City of Corpus Christi, No. C.A. C-05-280, 2005 WL 3058168, at *4 (S.D. Tex. Nov. 9, 2005). Factors that should be considered in this analysis are (1) the extent of injuries suffered; (2) the need for force; (3) the correlation between the need for force and the force actually applied; (4) the threat that was reasonably perceived by officials; and (5) any efforts made to relieve the need for severe force. *Gonzales*, 2005 WL 3058168, at *4 (citing Gomez v. Chandler, 163 F.3d 921, 923 (5th Cir. 1999)).

Accepting Plaintiff's well-pled facts as true, the Court finds that Plaintiff has sufficiently stated a claim for excessive force, via 42 U.S.C. § 1983. Specifically as to Defendant Ybarra, Plaintiff has alleged that Ybarra was present when Plaintiff was taken from his cell and beaten. Dkt. No. 2, at 4. Throughout his recitation of the facts,

4

Plaintiff states that numerous officers, both known and unknown, were present during the assault. Thus, although Plaintiff does not name Ybarra as specifically using excessive force against him, viewing the facts in the light most favorable to Plaintiff, the Court finds that Plaintiff has set forth facts that could entitle him to relief. Therefore, the Court denies Ybarra's 12(b)(6) motion as to the sufficiency of Plaintiff's claim.

### b. Failing to Protect Plaintiff from Assault by Other Officers

Even if an officer did not exert excessive force upon a plaintiff, the officer may still be held liable for failing to protect the plaintiff from excessive force, under a theory of bystander liability. Hale v. Townley, 45 F.3d 914, 919 (5th Cir. 1995); Nowell v. Acadian Ambulance Serv., 147 F.Supp.2d 495, 507 (W.D. La. 2001). The officer must have had a reasonable opportunity to recognize the occurrence of excessive force and a reasonable opportunity to stop the use of force. Nowell, 147 F.Supp.2d at 507. See Snyder v. Trepagnier, 142 F.3d 791, 801 n.11 (5th Cir. 1998) (citing Hale, 45 F.3d at 919).

Plaintiff's complaint alleges that Ybarra was present when Plaintiff was assaulted by Cameron County detention officers, and Plaintiff maintains that none of the officers attempted to stop the assault. Dkt. No. 2, at 4–5. Thus, viewing the facts alleged in the light most favorable to Plaintiff, the Court finds that he has sufficiently set forth facts to state a claim against Ybarra for Ybarra's alleged failure to protect Plaintiff from the excessive force inflicted upon him. Accordingly, the Court denies Ybarra's request to dismiss Plaintiff's claim.

### c. Denial of Medical Care

The Fourteenth Amendment due process clause secures the right to medical care for an individual in state custody. Wagner v. Bay City, Texas, 227 F.3d 316, 324 (5th Cir. 2000) (citing Hare v. City of Corinth, 74 F.3d 633, 639 (5th Cir. 1996)). The right to medical care is violated "if an officer acts with deliberate indifference to a substantial risk of serious medical harm and resulting injuries." Mace v. City of Palestine, 333 F.3d 621, 625 (5th Cir. 2003) (citing Wagner, 227 F.3d at 324). Deliberate indifference is more than mere negligence. Casanova v. City of Brookshire, 199 F.Supp.2d 639, 649 (S.D. Tex. 2000) (citing Farmer v. Brennan, 511 U.S. 825, 828–29 (1994)). "Deliberate indifference in the context of an episodic failure to provide

reasonable medical care to a pretrial detainee means that 1) the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; 2) the official actually drew that inference; and 3) the official's response indicates the official subjectively intended that harm occur." *Rivera*, 2006 WL 3340908, at *8 (quoting Thompson v. Upshur County, Tex., 245 F.3d 447, 458–59 (5th Cir. 2001)). Such deliberate indifference may not be inferred from a mere negligent or even grossly negligent reaction to a substantial risk of harm. *Rivera*, 2006 WL 3340908, at *8 (citing *Thompson*, 245 F.3d at 459).

In the present case, Plaintiff averred that detention officers failed to provide him with medical treatment after he was assaulted. Specifically, he claims that detention officers "rejected the medical technicians['] offer to assist the Plaintiff" and told medical technicians that Plaintiff had not requested medical treatment. Dkt. No. 2, at 5, 7. Plaintiff maintains that the denial of medical care by the officers constituted deliberate indifference to his health and caused him to suffer "prolonged physical injuries and mental anguish." *Id.* at 7. Assuming Plaintiff's facts are true, the Court determines that Plaintiff has stated a viable claim for deprivation of his constitutional right to medical care. Accordingly, the Court denies Ybarra's motion to dismiss this claim.

### d. Conspiracy to Violate Civil Rights

As to Plaintiff's claim that defendants conspired to violate his civil rights and destroy evidence of such actions, thereby giving rise to a claim under 42 U.S.C. § 1983, Dkt. No. 2, at 5, the Court finds that the "intracorporate conspiracy" doctrine requires dismissal of this claim. Under Fifth Circuit law, a municipality and its employees are considered to be a single legal entity, and the entity is therefore incapable of conspiring with itself for purposes of satisfying § 1983. Thompson v. City of Galveston, 979 F.Supp. 504, 511–12 (S.D. Tex. 1997) (citing Baldwin v. Univ. of Tex. Med. Branch at Galveston, 945 F.Supp. 1022 (S.D. Tex. 1996), *aff'd*, 122 F.3d 1066 (5th Cir. 1997) and Hillard v. Ferguson, 30 F.3d 649, 653 (5th Cir. 1994)). *See Rivera*, 2006 WL 3340908, at *14. The "intracorporate conspiracy" doctrine has been applied in many contexts outside of the corporate realm. *See Rivera*, 2006 WL 3340908, at *14 (citations omitted). Because Plaintiff has alleged that Cameron County detention officers conspired with each other to destroy and hide evidence of constitutional violations, the

Court finds that the officers are all part of one legal entity and thus, cannot conspire with each other. Gonzales, 2005 WL 3058168, at *6 (citing Hilliard, 30 F.3d at 653). Accordingly, the Court grants Ybarra's 12(b)(6) motion as to Plaintiff's § 1983 claim against him based upon a conspiracy to violate Plaintiff's civil rights and destroy evidence of such actions.

### 2. 42 U.S.C. § 1981

Title 42, Section 1981(a) provides that

> [a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of person and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

Section 1981(c) prohibits the impairment of such rights "under color of State law." In order to sufficiently state a claim under § 1981, a plaintiff must allege "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in [§ 1983]." Felton v. Polles, 315 F.3d 470, 483 (5th Cir. 2002), *abrogated on other grounds by* Holloway v. Dep't of Veterans Affairs, 244 Fed. Appx. 566, 567 (5th Cir. July 23, 2007); Rivera, 2006 WL 3340908, at *3. Although the statute specifically protects making and enforcing contracts, some circuits have held that the statute is applicable to racially motivated police misconduct pursuant to the "equal benefit" and "like punishment" clauses. Rivera, 2006 WL 3340908, at *4 (citing Cunningham v. Sisk, 136 Fed. Appx. 771, 775 (6th Cir. 2005); Alexis v. McDonald's Restaurants of Mass., Inc., 67 F.3d 341, 348 (1st Cir. 1995); Mahone v. Waddle, 564 F.2d 1018, 1028 (3d Cir. 1977)). Although the Fifth Circuit has not yet ruled on whether a § 1981 remedy is available in police misconduct cases, some district courts within the circuit have implied that § 1981 may be used if the plaintiff alleges that the conduct complained of was based on disparate treatment or was racially motivated. *See Rivera*, 2006 WL 3340908, at *5 (citing Jacobson v. City of N. Richland Hills, No. 4:04-CV-421-Y, 2006 WL 1317014, at *5 (N.D. Tex. May 15, 2006); Stumpf v. City of Waxahachie, No. 3:04-

CV-946-M, 2004 WL 2413306, at *3 (N.D. Tex. Oct. 26, 2004); Molette v. City of Alexandria, No. CV040501A, 2005 WL 2445432, at *6 (W.D. La. Sept. 30, 2005)).

Even assuming that Plaintiff is allowed to bring a § 1981 claim against Ybarra, Plaintiff has failed to make any allegation that his assault was motivated by racial animus. Additionally, none of the facts asserted by Plaintiff may be liberally construed to state that the assault was the result of racially disparate treatment. Therefore, the Court finds that Plaintiff has failed to allege an element of his § 1981 claim, and the Court grants Ybarra's 12(b)(6) motion to dismiss this claim against him.

### 3. 42 U.S.C. § 1985(3)

Under 42 U.S.C. § 1985(3), a plaintiff may have an action for damages against any two or more persons who conspire to deprive the plaintiff of the equal protection of, and equal privileges and immunities under, the laws of the United States. In order to state a cognizable claim under this section, a plaintiff must allege that "(1) the defendants conspired (2) for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, and (3) one or more of the conspirators committed some act in furtherance of the conspiracy; whereby (4) another person is injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States; and (5) the action of the conspirators is motivated by a racial animus." Horaist v. Doctor's Hosp. of Opelousas, 255 F.3d 261, 270 n. 12 (5th Cir. 2001) (quoting Wong v. Stripling, 881 F.2d 200, 202–03 (5th Cir. 1989)).

Plaintiff's complaint may be construed to allege that the detention officers named in this suit conspired "to violate [P]laintiffs' [sic] civil rights by beating him and filing false police reports, and failing to provide proper medical care."[1] Dkt. No. 2, at 5. However, the Court again finds that Plaintiff has failed to allege that any portions of the conspiracy

---

[1] Plaintiff used this language when "specifically assert[ing] claims under 42 U.S.C. § 1983." Dkt. No. 2, at 5. Although Plaintiff just generally stated that he is asserting "§1985(3) claims against all defendants for violation of equal protection and due process," Dkt. No. 2, at 5, the Court will construe Plaintiff's complaint as asserting the more detailed conspiracy allegations included in his § 1983 claim as also being asserted under § 1985(3).

8

to assault him, deprive him of medical care, and to cover up evidence of the assault were racially motivated. Accordingly, the Court grants Ybarra's 12(b)(6) motion as to Plaintiff's 1985(3) claim, and dismisses the claim as asserted against Ybarra.[2]

### 4. Intentional Torts

Plaintiff's state law claims for battery, assault, and false imprisonment are intentional torts that may be asserted against an individual defendant.[3] Under Texas law, the elements required to sufficiently plead civil battery are "(1) a harmful or offensive contact; (2) with a plaintiff's person." Doe v. Beaumont I.S.D., 8 F.Supp.2d 596, 616 (E.D. Tex., 1998) (citing Price v. Short, 931 S.W.2d 677, 687 (Tex. App. 1996)). The elements required to plead a cause of action for civil assault mirror the elements of criminal assault. McCracken v. Hardberger, Civ. Action No. SA-06-CV-988-XR, 2008 WL 219576, at *5 (W.D. Tex. Jan. 25, 2008) (citing Umana v. Kroger Texas, L.P., 239 S.W.3d 434, 436 (Tex. App. 2007)). Thus, "[a] person commits an assault if he intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative." McCracken, 2008 WL 219576, at *5 (citing Umana, 239 S.W.3d at 436). See also Doe, 8 F.Supp.2d at 616 ("The elements of an assault are: (1) the apprehension of; (2) an immediate battery."). The elements of a false imprisonment claim are "(1) willful detention; (2) without consent; and (3) without authority of law." Nguyen v. U.S., No. 3:00-CV-0528-R, 2001 WL 637573, at *5 (N.D. Tex. June 5, 2001); Dillard Dept. Stores, Inc. v. Silva, 106 S.W.3d 789, 795 (Tex. App. 2003) (citing Sears, Roebuck & Co. v. Castillo, 693 S.W.2d 374, 375 (Tex. 1985)).

---

[2]Moreover, even if Plaintiff had alleged that the conspiracy was the result of racial animus, under Fifth Circuit law, a single legal entity, such as a municipality and its employees, is incapable of conspiring with itself. See supra, §III.A.1.d.

[3]Furthermore, to the extent that Ybarra attempts to contend that the Texas Tort Claims Act prevents Plaintiff from asserting intentional torts against him because the Act bars suit against government employees if the governmental unit is sued, the Court denies Ybarra's assertion because the Act does not apply to intentional torts. TEX. CIV. PRAC. & REM. CODE ANN. § 101.057; McCracken v. Hardberger, Civ. Action No. SA-06-CV-988-XR, 2008 WL 219576, at *5 (W.D. Tex. Jan. 25, 2008).

Accepting Plaintiff's well-pleaded facts as true and viewing them in the light most favorable to Plaintiff, the Court finds that Plaintiff has sufficiently alleged causes of action for the intentional torts of battery, assault, and false imprisonment. An examination of the complaint does not show beyond doubt that Plaintiff cannot prove any set of facts that would entitle him to relief. *See Conley*, 355 U.S. at 45–46. Therefore, the Court denies Ybarra's motion to dismiss pursuant to Rule 12(b)(6), as it pertains to Plaintiff's claims for battery, assault, and false imprisonment.

### 5. Texas Constitution and the Texas Tort Claims Act

Ybarra requests that Plaintiff's claims made pursuant to the Texas Constitution be dismissed. The Texas Constitution does not give rise to a private right of action for the violation of any state constitutional rights, except for the taking of property by the state for public use, and there is no state constitutional tort in Texas. *Rivera*, 2006 WL 3340908, at *14 (citing City of Beaumont v. Bouillion, 896 S.W.2d 143, 149 (Tex. 1995)). Therefore, to the extent that Plaintiff intended to plead causes of action pursuant to the Texas Constitution,[4] the Court grants Ybarra's requests to dismiss such claims.

However, as to the Texas Tort Claims Act ("TTCA"), the Court finds that Plaintiff has not pled any causes of action under the TTCA. Therefore, the Court denies Ybarra's requests to dismiss any such causes of action.

### B.   *Immunities for Claims Asserted*

#### 1. Qualified Immunity for Federal Claims

Ybarra maintains that he is entitled to qualified immunity from suit. Dkt. No. 9, at 2. Because qualified immunity is "*immunity from suit* rather than a mere defense to liability," determinations of qualified immunity should be made at an early stage of litigation. Saucier v. Katz, 533 U.S. 194, 200–01 (2001) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)) (emphasis in original). Questions of qualified immunity, and whether such immunity may be overcome, are analyzed under a two-step framework.

---

[4]In Plaintiff's First Amended Complaint, he pled "supplemental state claims against all defendants . . . , and violation of civil rights." Dkt. No. 2, at 5.

*Saucier*, 533 U.S. at 201–02. First, "taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Autin v. City of Baytown*, 174 Fed.Appx 183 (5th Cir. Dec. 29, 2005) (quoting *Saucier*, 533 U.S. at 201). The second inquiry is "whether the right [violated] was clearly established." *Saucier*, 533 U.S. at 201. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. The second inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Id.* at 201. However, this does not mean that the precise conduct in question must have specifically been found unlawful. *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (stating that "officials can still be on notice that their conduct violates established law even in novel factual circumstances"). Instead, the unlawfulness of the conduct must be apparent. *Id.*

The Court has found that Plaintiff has stated viable claims for violations of the Fourteenth Amendment due to the use of excessive force, failure to protect against assault, and denial of medical care, via 42 U.S.C. § 1983. See §§ III.A.1.a–c. Examining Plaintiff's facts in the light most favorable to him, the Court finds that such facts, if true, would constitute violations of constitutional rights. Thus, Plaintiff's facts satisfy the first step of the qualified immunity analysis.

As to the second step of the analysis, the Court finds that at the time the incident in question occurred, the aforementioned rights to be free from excessive force, be protected against assault, and be provided proper medical care were clearly established under federal law. See *Almond*, 468 F.Supp.2d at 902–03. Factual disputes exist as to what involvement Defendant Ybarra had, if any, in the assault that occurred upon Plaintiff. Accordingly, at this time the Court cannot ascertain whether Ybarra's actions were objectively reasonable and "whether it would have been clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202. Therefore, the Court finds that Ybarra is not entitled to qualified immunity from Plaintiff's federal claims.

### 2. Official Immunity for State Law Claims

Defendant Ybarra maintains that he is entitled to official immunity on the intentional torts of battery, assault, and false imprisonment. Dkt. No. 9, at 2. Official immunity is based on the policy that state officers should be able "to perform their duties without fear of personal liability for negligent or improper performance." Tex. Dept. of Pub. Safety v. Perez, 905 S.W.2d 695, 698 (Tex. App. 1995). Under Texas law, official immunity is an affirmative defense, and it is a defendant's burden to prove all the elements of the defense. City of Lancaster v. Chambers, 883 S.W.2d 650, 653 (Tex. 1994). Government employees are entitled to official immunity for acts that are (1) discretionary; (2) performed in good faith; and (3) within the scope of their official duties. *Id.*; El Paso County v. Ontiveros, 36 S.W.3d 711, 715 (Tex. App. 2001); *Perez*, 905 S.W.2d at 698. Discretionary acts are those which require personal deliberation, decision, and judgment as opposed to ministerial acts which require obedience to orders or the performance of a duty which involves no choice. *Chambers*, 883 S.W.2d at 653–54  Good faith is proven by showing that "a reasonable and prudent . . . officer could have believed his conduct was lawful in light of clearly established law and the information possessed by him at the time he made his decisions . . . ." *Perez*, 905 S.W.2d at 699 (citing *Chambers*, 883 S.W.2d at 656 (stating that the test was substantially derived from the federal qualified immunity standard for § 1983 claims)). At this time, the Court determines that Defendant Ybarra has not presented any evidence establishing the elements of his official immunity defense. Therefore, the Court denies Ybarra's motion to dismiss Plaintiff's intentional tort claims.

### IV.   Conclusion

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant Jose Ybarra's Pro Se Answer and Rule 12(b)(6) Plea. Dkt. No. 9. The Court **GRANTS** Ybarra's motion as to the following claims asserted by Plaintiff against Defendant Ybarra: (1) Plaintiff's § 1983 claim based upon a conspiracy to violate Plaintiff's civil rights and destroy evidence of such actions; (2) Plaintiff's § 1981 claim; (3) Plaintiff's § 1985(3) claim; and (4) any claims Plaintiff has asserted pursuant to the

x

Texas Constitution. Accordingly, the Court **DISMISSES** such claims. The Court **DENIES** Ybarra's motion as to all other requests.

DONE at Brownsville, Texas, on February 21, 2008.

Hilda G. Tagle
United States District Judge