IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 2 1 2008

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| JAVIER ALEJANDRO GARZA, § § Plaintiff, § § v. § § THE UNITED STATES MARSHALS § SERVICE, THE CAMERON COUNTY § SHERIFF'S DEPARTMENT, COSME § MARTINEZ, MICHAEL DAVID § SAAVEDRA, SGT. JOSE ALEJANDRO § GARCIA, JOHN ROY HARRIS, JOSE § YBARRA and LETICIA ANDRADE, § *Individually and in their Official* § *Capacities,* § § Defendants. § | CIVIL ACTION NO. B-07-052 |

## OPINION & ORDER

BE IT REMEMBERED that on February 21, 2008, the Court considered Federal Defendant's Motion to Dismiss Pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Dkt. No. 15.

On May 8, 2005, Javier Alejandro Garza ("Plaintiff") was assaulted by various individuals while he was in the custody of the United States Marshals Service at the Carrizales Rucker Detention Center in Olmito, Texas, which is operated and administrated by the Cameron County Sheriff's Department. Dkt. No. 2, at 3; Dkt. No. 10, at 2. Plaintiff alleges, and Cameron County admits in part, that Plaintiff's assailants were detention officers of the county's sheriff's department. Dkt. No. 2, at 3–4; Dkt. No. 10, at 2 ¶8. As a result of the assault, Plaintiff filed suit against the United States Marshals Service ("USMS"), the Cameron County Sheriff's Department, and various officers in their individual and official capacities, for constitutional violations pursuant to 42 U.S.C. §§ 1981, 1983, 1985(3), and state law intentional torts. Dkt. No. 2, at 5–7. Plaintiff asserted that the

USMS was liable to him pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 (1994) *et seq*. *Id*. at 3, 5–6.

In the instant motion, the United States Marshals Service ("USMS") moves to dismiss Plaintiff's claims against it. First, the USMS avers that it is not a proper defendant in this action because a federal agency may not be sued under the FTCA. Dkt. No. 15, at 1–3. Instead, the USMS maintains that the United States is the proper defendant against whom Plaintiff should assert his claims. *Id*. Thus, the USMS requests that it be dismissed from this suit. *Id*. Secondly, the USMS asserts that Plaintiff failed to exhaust his administrative remedies prior to filing the instant suit, and the time period for him to do so has expired. *Id*. at 3–4. Therefore, the USMS contends Plaintiff is time barred from recovering damages under the FTCA.[1] *Id*. Plaintiff did not file a response to the USMS's motion.

Although the United States is typically immune from suit, the Federal Tort Claims Act is a limited wavier of the Government's sovereign immunity. *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 n. 2 (5th Cir. 1988). Specifically, § 2674 of the FTCA states that the United States shall be liable in tort claims in the same manner and to the extent as a private individual under like circumstances. 28 U.S.C. § 2674 (1994). Jurisdiction of such actions is conferred upon the United States district courts, and the actions are to be considered "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id*. at § 1346(b)(1). However, under § 2679(a) of the FTCA, "[t]he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of [title 28], and the remedies provided by this title in such cases shall be exclusive." Thus, the proper party for claims asserted under the Federal Tort Claims Act is the United States, and not a federal agency. *Galvin*, 860 F.2d 183 (stating that "a suit against the United States under the FTCA is the exclusive remedy for tort

---

[1] As an extension of this argument, the USMS also states that even if Plaintiff had filed his claims against the proper defendant—the United States—his claims would fail because they would have been barred by the statute of limitations. Dkt. No. 15, at 5.

claims arising from the actions of government agencies or employees."). *See also* Nicosia v. Sec'y of Army, 220 F.3d 585 (5th Cir. 2000) (table opinion); Ogbolu v. U.S. Immigration and Customs Enforcement, Civ. Action No. H-06-0115, 2006 WL 3152694, at *3 (S.D. Tex. Nov. 1, 2006); Bianchini v. U.S., No. Civ.A.00-1291, 2000 WL 1720551, at *2 (E.D. La. Nov. 16, 2000).

Based on the foregoing, the Court finds that the United States Marshals Service is not the proper party to this suit because its status as a federal agency precludes it from being sued under the Federal Tort Claims Act.[2] Therefore, the Court determines that it lacks subject matter jurisdiction over the United States Marshals Service in this matter. *Galvin*, 860 F.2d 183 (determining that "an FTCA claim against a federal agency . . . as opposed to the United States itself must be dismissed for want of jurisdiction"). Accordingly, the Court **GRANTS** the United States Marshals Service Motion to Dismiss and **DISMISSES** the party from this action. Dkt. No. 15.

Pursuant to a previous Order from the Court, the remaining parties in this matter shall submit their proposed Joint Discovery/Case Management Plan to the Court within 30 days of this Opinion & Order. Dkt. No. 18.

DONE at Brownsville, Texas on February 21, 2008.

Hilda G. Tagle
United States District Judge

---

[2]Because the Court has decided the USMS's motion on this ground, the USMS's argument pertaining to Plaintiff's inability to file claims under the FTCA because he is time barred from doing so is moot.